IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SCHNITTKER, | ) | CRIMINAL NO. 1:14-CR-86 |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING POSITION**

COMES NOW, the defendant, Michael Schnittker, and respectfully responds to the government's sentencing position. We agree with the government that the offense level is decreased by two levels pursuant to § 2G2.2(b)(1) because the defendant did not intend to traffic in or distribute the material. However, the government has argued that the probation office incorrectly applied a two level decrease for acceptance of responsibility. We believe this reduction was appropriately applied by probation.

Section 3E1.1, n.2 explains that "conviction at trial does not automatically preclude a defendant from consideration for such a reduction." That same note points out that when a legal defense is raised, that can be a reason to apply the reduction notwithstanding the trial. *Id.* In this case, the defense was largely based on factual and legal double jeopardy issues arising from the unusual case posture of a superseding indictment subsequent to a guilty plea. More importantly, the original plea of guilty and the statement of facts encapsulated the conduct which is the gravamen of the offense in this case. Appellate authority observes that "the current statutory scheme makes *no principled distinction between possessing and receiving child pornography*, which can often times be virtually identical conduct, but nonetheless results in vastly different mandatory

Page 1 of 4

sentencing ranges." *United States v. Robinson,* 669 F.3d 767, 776 n. 2 (6th Cir.2012) (emphasis added). In this case, Mr. Schnittker pleaded guilty to a large collection of child pornography images, as well as the various types of images, which supported the application of all the enhancements applied by the probation office. There was nothing material which happened in the subsequent trial which meaningfully altered the gravamen of the offense or its seriousness—the trial was solely directed at escaping from the five year mandatory minimum. In this circumstance, the probation office appropriately applied a 2 level reduction for acceptance of responsibility and we would ask the Court to follow the recommendation of the probation office.

With respect to the government's request for a guideline sentence, we again note that the guidelines call for the same sentence for attempted murderers, child sex traffickers, child abductors, and violent rapists who cause life-threatening injuries. This offense is not even one tenth as serious as those offenses, and they cannot be treated analogously. To further illustrate the irrationality of a guideline sentence, it is worth noting what the guidelines would have been if Mr. Schnittker had been convicted only of the possession. In that circumstance, his base level offense would be § 2G2.2(a)(1), instead of § 2G2.2(a)(2), because the guidelines provide for a 4 level increase based upon the difference even though it is an "unprincipled distinction." *Robinson,* 669 F.3d at 776 n. 2. Applying the remaining enhancements and reductions of § 2G2.2(b)(1), (b)(2), (b)(4), (b)(5) and (b)(7)(D), and applying a reduction for acceptance of responsibility results in a total offense level of 26, with a corresponding low end of 63 months. Had the conviction been for possession, the government would now be arguing for a 63 month sentence, but because it was for receipt, is instead arguing for a low end of 135 months. It is improper for a defendant to be imprisoned for twice as long because the conviction is for receipt rather than possession, and circuit authority concurs with that assessment.

## Conclusion

WHEREFORE, for the foregoing reasons, and any others that may appear to the court or that may develop at the sentencing hearing, Mr Schnittker respectfully requests that this Honorable Court sentence him to a term of two years incarceration, which is greater than necessary to accomplish the goals of sentencing under 3553(a), but is the least harsh sentence that would avoid an Eighth Amendment violation. We further request that the Court recommend designation to Petersburg Low, with self surrender, and that it further recommend treatment under the RDAP program to deal with his alcoholism as noted in the PSR report.

Respectfully submitted,

MICHAEL SCHNITTKER
By Counsel

/s/
John Zwerling, Va. Bar No. 8201
Cary Citronberg, Va Bar. No 81363
Law Offices of John Zwerling, P.C.
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
jz@zwerling.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2014, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

/s/
Cary Citronberg, Va Bar. No 81363
Law Offices of John Zwerling, P.C.
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-684-8000
Fax: 703-684-9700
cary@zwerling.com